UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FIRST FARMERS BANK & TRUST (DISMISSED),<br><br>        Plaintiff,<br><br>        v.<br><br>COAST OEM, LLC,<br>PATRIOT PORCELAIN LLC,<br>PATRIOT REAL ESTATE LLC,<br>JEFFREY VAN WEELDEN,<br>6TH & MAIN INC.,<br>LAURCON CAPITAL LP,<br>COAST PRODUCTS L.L.C (DISMISSED),<br>1800 EVERGREEN DEVELOPMENT LLC<br>(DISMISSED),<br>TOWNS AND TAYLOR (DISMISSED),<br>JEFFREY VAN WEELDEN,<br><br>        Defendants. | No. 1:22-cv-02323-JPH-MG |
| PATRIOT REAL ESTATE LLC,<br><br>        Cross Claimant,<br><br>        v.<br><br>COAST OEM LLC,<br>LAURCON CAPITAL, LP,<br><br>        Cross Defendants. | |
| PATRIOT REAL ESTATE LLC,<br><br>        Third Party<br>        Plaintiff,<br><br>        v. | |

COAST RE, LLC,                                    )
BRIGGS PLUMBING PRODUCTS, LLC,                    )
ROBERT EASTER,                                    )
CRAIG HUFF,                                       )
CHUCK DOCKERY,                                    )
AMERICAN INDUSTRIAL BRANDS, LLC,                  )
                                                  )
                    Third Party                   )
                    Defendants.                   )
                                                  )
_____ )
                                                  )
COAST OEM, LLC,                                   )
LAURCON CAPITAL, LP                               )
ROBERT EASTER,                                    )
BRIGGS PLUMBING PRODUCTS, LLC,                    )
COAST RE, LLC,                                    )
                                                  )
                    Cross-Claimants               )
                    and Third Party               )
                    Plaintiffs,                   )
                                                  )
          v.                                      )
                                                  )
JEFFREY VAN WEELDEN,                              )
LEWIS D. DELLINGER,                               )
PATRIOT REAL ESTATE, LLC,                         )
PATRIOT PORCELAIN, LLC,                           )
                                                  )
                    Cross-Claimants               )
                    and Third Party               )
                    Defendants.                   )

**ORDER GRANTING MOTION TO REMAND**

Patriot Real Estate has moved to remand this case—a complex commercial dispute about a shuttered porcelain factory—back to state court. Because only parties sued by the original plaintiff may remove a case, the motion to remand, dkt. [36], is **GRANTED**.  This case is **REMANDED** to Howard Superior Court 2.

# I.
## Procedural History

First Farmers Bank & Trust issued several loans meant for the reopening of a porcelain plant in Kokomo, Indiana.  Dkt. 1 at 2 ¶ 1.  Loan recipients defaulted, so the Bank initiated this lawsuit in July 2018 to recoup its money.  *Id.* Almost a year later, the Bank voluntarily dismissed its claims.  *Id.* ¶ 2; dkt. 2-2.

Both before and after the Bank voluntarily dismissed its claims, other parties filed cross-claims and third-party claims.  *See, e.g.*, dkts. 2-5, 2-6, 2-7, 2-8.  So, even though the original claims brought by the Bank were dismissed, the case continued in state court.  Dkt. 1 at 3 ¶ 3.  What remained, in essence, was a lawsuit between the "Patriot Plaintiffs"[1] and the "Coast Defendants"[2].  *Id.* at ¶ 5.

In September 2022, the Patriot Plaintiffs sued American Industrial Brands, LLC (AIB), adding it to this lawsuit.  Dkts. 2-4, 2-5.  In December 2022, AIB removed the case from state court, alleging federal jurisdiction based on the diversity of citizenship.  Dkt. 1; *see also* dkt. 5 (Coast Defendants' consent to removal).  Patriot Real Estate ("Patriot") has moved to remand the case.  Dkt. 36.

---

[1] Patriot Real Estate, LLC; Patriot Porcelain, LLC; Lewis D. Dellinger; and Jeffrey Van Weelden.  *See* dkt. 1 at 3 ¶ 5.

[2] Coast OEM, LLC; Laurcon Capital, LC; Briggs Plumbing Products, LLC; Robert Easter; Craig Huff; and Chuck Dockery.  *Id.*

## II.
## Applicable Law

Because federal courts are of limited jurisdiction, "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

When a case is removed to federal court, jurisdiction is determined "by looking at the complaint as it existed at the time the petition for removal was filed." *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

## III.
## Analysis

Patriot argues that this case must be remanded because, as a third-party defendant, AIB cannot remove it to federal court. Dkt. 57 at 5. AIB responds that, since the original lawsuit was voluntarily dismissed, it is now simply a defendant in the remaining action, so removal was proper. Dkt. 58 at 8–16.[3]

The Supreme Court addressed this issue in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019). There, Citibank filed a debt-collection action against George Jackson in state court. *Id.* at 1747. Mr. Jackson in turn filed a counterclaim against Citibank and third-party claims against Home Depot and Carolina Water Systems ("CWS"). *Id.* Citibank then dismissed its claims against Mr. Jackson, leaving only his claims against Home Depot and CWS

---

[3] Neither party originally analyzed this issue. The Court requested supplemental briefing, dkt. 52, which both parties provided, dkts, 57, 58.

proceeding in the state-court action.  *Id.*  Home Depot then filed a notice of removal under 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The district court granted Mr. Jackson's motion to remand.  *Home Depot*, 139 S. Ct. at 1747.  The district court's ruling was affirmed on appeal and the Supreme Court affirmed the judgment of the Fourth Circuit, *id.* at 1751, holding that federal law "does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim," *id.* at 1748.  The Court explained that, because § 1441(a) refers to "civil actions" rather than "claims," federal courts must look to the original complaint in state court to determine if there is federal jurisdiction.  *Id.*  A counterclaim is therefore "irrelevant" to whether a federal court had original jurisdiction over the civil action.  *Id.*  Thus, the term "defendant" in the statute "refers only to the party sued by the original plaintiff."  *Id.* at 1746, 1750 ("[W]e hold that a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a).").

As Patriot notes, the facts in this case and in *Home Depot* are "strikingly similar."  *See* dkt. 57 at 3.  Here, First Farmers Bank & Trust sued several defendants, including Patriot.  *See* dkt. 1 at 2 ¶ 1.  Patriot then brought claims against both its co-defendants and third parties, including AIB.  *Id.* at 3 ¶ 3.

AIB—as a new third-party defendant—then sought removal after the Bank dismissed its claims. *Id.* at 2–3 ¶¶ 2, 7. Now, Patriot—an original defendant—seeks remand. Dkt. 36. Considering the similar procedural facts presented in this case, *Home Depot* is controlling.

AIB's attempt to distinguish this case from by *Home Depot* is unconvincing. AIB argues that the Bank's voluntary dismissal of its claims here leaves only diverse cross- and third-party claims, which are removable. Dkt. 58 at 10–14. In support, it cites the "voluntary-involuntary rule," which provides that an action that was originally nonremovable when filed may become removable only by a plaintiff's voluntary action—like a voluntary dismissal of a diversity-defeating party. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). But this argument does not address *Home Depot*'s limitation on a third-party defendant's ability to remove a case.

As here, the original plaintiff in *Home Depot*, Citibank, voluntarily dismissed its claims against the original defendant, Mr. Jackson. 139 S. Ct. at 1747. But that didn't matter for the purpose of evaluating the motion to remand because the original plaintiff's complaint determines whether the case could have been filed in federal court. *See id.* at 1747–50. That doesn't change if the original plaintiff drops out, regardless of whether the remaining parties could otherwise satisfy the statutory requirements of federal jurisdiction. *See id.* The language of § 1441(a)—"any civil action," not "a claim" or "claims"—remains the same. And in that context, the phrase "the defendant or the defendants" means the defendant to the "civil action" originally filed by the

6

plaintiff, "not a party named in a counterclaim." *Id.* at 1749.  Thus, the "voluntary-involuntary rule" is not implicated in this case.

The two out-of-circuit district court cases cited by AIB do not move the needle in its favor either.  In each of those cases, the district court held that a cross-claim provided a basis for removal after the original complaint had been dismissed.  *See* dkt. 58 at 12–13 (citing *Jones v. Gen. Elec. Capitol Corp.*, 277 F. Supp. 2d 651, 653 (S.D. Miss. 2003); *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001)).  But those cases are of little value to the Court here because they were decided long before *Home Depot*, which provides clear instruction and is binding.

Last, AIB points out that, here, the original plaintiff—the Bank—is no longer in the picture, so it is now "simply a defendant" even though it might be styled as a "third-party defendant." Dkt. 58 at 14–15.  But regardless of the title used to describe AIB in this case earlier or now, it was not sued by the Bank—the original plaintiff—but by Patriot.  And *Home Depot* held that, under § 1441(a), the only party that can remove a case is a party sued by the original plaintiff.  139 S. Ct. at 1746.  AIB is therefore not entitled to remove this case. *See id.*

This case therefore must be remanded.[4]

---

[4] Because this issue is dispositive, the Court does not address Patriot's other arguments in favor of remand.  *See* dkts. 37, 50.

**IV.**

**Conclusion**

Patriot Real Estate LLC's motion to remand, dkt. [36], is **GRANTED**.  The

other pending motions, dkts. [12], [47], are **DENIED without prejudice** to refile

in state court.  This case is **REMANDED** to Howard Superior Court 2.

**SO ORDERED.**

Date: 5/31/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Clerk
Howard Superior Court No. 2
104 N. Buckeye Street, Room 114
Kokomo, IN 46901

8